IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIO RODRIGUEZ,

    Petitioner,

    v.

DAVID GRAY, WARDEN,
BELMONT CORRECTIONAL INSTITUTION,

    Respondent.

Civil Action 2:18-cv-114
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

### ORDER and REPORT AND RECOMMENDATION

On February 12, 2018, Petitioner, a state prisoner, sought a petition for a writ of habeas corpus. (ECF No. 1.) Petitioner also sought leave to proceed *in forma pauperis*. (*Id*.) On February 13, 2018, the Court ordered Petitioner to pay a $5.00 filing fee or submit certain information within thirty days of the date of that Order. (ECF No. 2.) Upon further review, the undersigned finds that Petitioner's application to proceed *in forma pauperis* is meritorious. Accordingly the February 13, 2018 Order is **VACATED**. Petitioner will be **PERMITTED** to prosecute his action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must now conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4. Here, for the reasons that follow, it plainly appears from petition that Petitioner is not entitled to relief from this District Court, and thus, the Undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals as a successive petition.

**Facts and Procedural History**

In his petition, Petitioner challenges a 1995 conviction in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1.) As grounds, he asserts that he was "tried and convicted through illegal tactics, procedures and abuses of the processes" (Ground One); judicial and prosecutorial misconduct (Ground Two); that his convictions were against the manifest weight of the evidence (Ground Three); and that the state court judge improperly categorized Petitioner as a repeat or dangerous sex offender instead of a sexually-oriented offender (Ground Four). (*Id.*)

It does not appear, however, that this is Petitioner's first request for federal habeas relief from his 1995 conviction. Indeed, when asked if he had filed any other petitions, applications, or motions concerning the 1995 judgment of conviction, Petitioner repeatedly indicated that this is a successive petition. (ECF No. 1, at PAGEID ## 9−18.) The petition further states that Petitioner previously filed an action in this Court seeking a "Federal Writ of Habeas Corpus to (*sic*) 28 U.S.C. § 2254." A review of this Court's docket confirms that Petitioner filed an action in this Court under § 2254 on September 10, 1999, which was ultimately dismissed on August 31, 2001. *Rodriguez v. DeWitt*, 2:99-cv-00879, (S.D. Ohio, Sept. 10, 1999). The Undersigned thus concludes that this is a successive petition.

Under the Antiterrorism and Effective Death penalty Act ("AEDPA") a district court lacks jurisdiction to entertain a successive petition for a writ of habeas corpus in the absence of an order from a court of appeals authorizing the filing of such a successive petition. 28 U.S.C. § 2244(b); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*); *Smith v. Warden, Lebanon Corr. Inst.,* No. 1:16-cv-998, 2016 WL 6790800, at *2 (S.D. Ohio Oct. 27, 2016). In addition, the Sixth Circuit Court of Appeals has held that unless that Court has given approval for a

successive petition, a district court in the Sixth Circuit must transfer a successive petition to the Sixth Circuit. *In re Sims*, 111 F.3d at 47.

### Recommended Disposition

Therefore, the Undersigned **RECOMMENDS** that this action be **TRANSFERRED** as a successive petition to the Sixth Circuit Court of Appeals.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

3